IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                                      No. CR 18-1253 RB

GIOVANNI MELERO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Mr. Melero's Motion for Compassionate Release, filed on January 19, 2021. (Doc. 98.) Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DENIED**.

**I.    Background**

On April 25, 2019, Mr. Melero pled guilty to an Information charging: (1) possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and (2) carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Docs. 77; 83 (Presentence Report (PSR)) ¶ 2.) The Court sentenced Mr. Melero to 100 months imprisonment. (Doc. 90.)

Mr. Melero has served approximately 38 months; with good time credit, he has served the equivalent of approximately 53 months or 53% of his sentence. (*See* Doc. 98 at 2.) His anticipated release date is April 5, 2025. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Apr. 30, 2021). He now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to the COVID-19 pandemic. (*See* Doc. 98.)

**II.     Discussion**

Mr. Melero seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Melero filed such a request with FCI Victorville Medium II on August 31, 2020. (*See* Doc. 98-A.) The warden found that Mr. Melero had not presented extraordinary and compelling reasons for compassionate release and denied the request on December 1, 2020. (*See* Doc. 101-1.) Under these circumstances, the Government concedes that he has exhausted his administrative remedies. (*See* Doc. 101 at 3.)

Mr. Melero asserts that extraordinary and compelling circumstances exist due to the unprecedented COVID-19 pandemic. (Doc. 98 at 2–10.) He argues that his medical conditions, together with the poor conditions at his facility, put him at risk for severe illness from COVID-19. (*Id.*) The medical record shows that Mr. Melero has been diagnosed with Type II diabetes mellitus, hypertension, and obesity. (*See, e.g.*, Doc. 99 at 5, 63.) The Government acknowledges that the CDC lists diabetes, hypertension, and obesity as medical conditions that puts individuals at an increased risk for severe illness from COVID-19 but argues that Mr. Melero's conditions are well-controlled. (*See* Doc. 101 at 5 (citing Doc. 98-B).) *See also People with Certain Medical*

*Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Mar. 29, 2021). Ultimately, the Government concedes that Mr. Melero has demonstrated extraordinary and compelling circumstances that may qualify for potential release in the face of the pandemic. (*See* Doc. 101 at 5–6.)

There is also record evidence to show that Mr. Melero had a confirmed case of COVID-19 on or around December 17, 2020. (*See* Docs. 99 at 58; 102-1.) He was asymptomatic. (Doc. 99 at 58.) "Mr. Melero does not believe that he had COVID-19 and he believes the test was a false-positive." (Doc. 104 at 2.) Nevertheless, there is no indication that Mr. Melero had any lingering effects from his COVID-19 diagnosis, thereby "mitigating his concern that he would develop severe complications if infected with the virus." *See United States v. Hollins*, No. 15-20100-JAR, 2021 WL 103017, at *2 (D. Kan. Jan. 12, 2021). "While the Court recognizes the risk of reinfection and is sympathetic to [Mr. Melero's] concerns about the BOP's COVID-19 response," other factors weight against a sentence reduction in this case. *See id.*

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;

> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The Government argues that Mr. Melero would pose a danger to public safety if he were to be released. (Doc. 101 at 9.) The Court agrees that Mr. Melero's criminal history counsels against release. His most current conviction involved participation in a heroin drug trafficking organization and the possession of stolen handguns. (PSR ¶¶ 7–8, 10.) Mr. Melero has convictions dating back to 2004 for traffic violations, criminal damage to property, shooting at or from a motor vehicle, aggravated assault, possession of drugs and weapons, assault, and use of a telephone to

threaten. (*See id.* ¶¶ 39–44.) These convictions resulted in a criminal history category of V. (*Id.* ¶ 46.)

Given Mr. Melero's history, the Court believes that he would be better prepared for a successful transition by finishing the remainder of his sentence and receiving a placement at a halfway house. The undersigned encourages Mr. Melero to take advantage of all opportunities for counseling, educational programming, and work to improve his chances at a successful transition.

**THEREFORE,**

**IT IS ORDERED** that Mr. Melero's Motion for Compassionate Release (Doc. 98) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE